UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

―――――――――――

№ 07-CV-03755 (JFB) (AKT)

―――――――――――

RONALD SORENSON,

Plaintiff,

VERSUS

SUFFOLK COUNTY CHILD SUPPORT ENFORCEMENT BUREAU,

Defendant.

―――――――――――

**MEMORANDUM AND ORDER**
March 5, 2009

―――――――――――

JOSEPH F. BIANCO, District Judge:

Plaintiff Ronald Sorenson ("plaintiff" or "Sorenson"), proceeding *pro se*, filed the instant action, in a one-page handwritten document, against the Suffolk County Child Support Enforcement Bureau ("defendant")[1] on August 29, 2007. By Order dated September 17, 2007, this Court, because plaintiff alleged a "constitutional rights violation," liberally construed plaintiff's complaint against the County as being under 42 U.S.C. § 1983 and dismissed plaintiff's complaint *sua sponte* for failure to comply with Rule 8 of the Federal Rules of Civil Procedure ("Rule 8"), but granted plaintiff leave to file an amended complaint. Plaintiff thereafter filed an amended complaint on November 15, 2007 and a second amended complaint on January 30, 2008.[2] Although the details of plaintiff's handwritten pleadings and submissions are somewhat difficult to discern, after a careful review of those submissions (and the Family Court documents and other documents annexed thereto), the Court construes plaintiff's amended complaints as asserting a *Monell* claim against the County for the alleged wrongful enforcement of arrears in child support owed by the plaintiff pursuant to

---

[1] Because the Suffolk County Child Support Enforcement Bureau is without a legal identity separate and apart from the County, the Court construes the complaint to be one against the County.

[2] Although the Court ordered plaintiff to file his amended complaint within sixty (60) days of the September 17, 2007 Order and the first amended complaint was filed within that timeframe, the plaintiff's second amended complaint was filed late on January 30, 2008. However, despite its lateness, the Court has fully considered the second amended complaint in conjunction with the first amended complaint and refers to them collectively as the "amended complaints" in this Memorandum and Order.

orders and judgments of the Family Court, Suffolk County.

Presently before the Court is the County's motion to dismiss the amended complaints for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons set forth below, the Court grants defendant's motion and dismisses the amended complaints against the County in their entirety with prejudice.[3]

I. BACKGROUND

Plaintiff filed the original complaint in this case on August 29, 2007. On September 17, 2007, the Court *sua sponte* dismissed plaintiff's complaint under Rule 8 of the Federal Rules of Civil Procedure and granted plaintiff leave to file an amended complaint. Plaintiff filed an amended complaint on November 15, 2007 and a second amended complaint on January 30, 2008. On June 23, 2008, defendant filed the instant motion. Plaintiff submitted his opposition on July 18, 2008, and defendant filed its reply on July 24, 2008. Plaintiff has also submitted a massive number of exhibits in connection with his pleadings and other letters to the Court. The Court has fully considered all submissions by the parties.

II. STANDARD OF REVIEW

In reviewing a motion to dismiss under Rule 12(b)(6), a court must accept the factual allegations set forth in the complaint as true, and draw all reasonable inferences in favor of the plaintiff. *See ATSI Communs., Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007); *Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2006). The plaintiff must satisfy "a flexible 'plausibility' standard, which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim *plausible*." *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007) (emphasis in original). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 563 (2007). The Court does not, therefore, require "heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

Moreover, as the Second Circuit recently emphasized in *Sealed Plaintiff v. Sealed Defendant*, "[o]n occasions too numerous to count, we have reminded district courts that when [a] plaintiff proceeds *pro se*, . . . a court is obliged to construe his pleadings liberally . . . . This obligation entails, at the very least, a permissive application of the rules governing the form of pleadings . . . . This is particularly so when the *pro se* plaintiff alleges that her civil rights have been violated. Accordingly, the dismissal of a *pro se* claim as insufficiently pleaded is appropriate only in the most unsustainable of cases." 537 F.3d 185, 191 (2d Cir. 2008) (citations and quotation marks omitted); *see also Weixel v. Bd. of Educ. of the City of N.Y.*, 287 F.3d 138, 146 (2d Cir. 2002) (holding that when plaintiff is appearing *pro se,* the Court shall "'construe [the complaint] broadly, and interpret [it] to raise the strongest arguments that [it] suggests.'") (quoting *Cruz v. Gomez*, 202 F.3d 593, 597 (2d Cir. 2000)

---

[3] Moreover, as discussed *infra*, to the extent that the plaintiff is trying to allege Section 1983 claims against any individuals referenced in the amended complaints in connection with the collection of child support, those claims are also dismissed *sua sponte* by the Court with prejudice.

2

(alterations in original)); *accord Sharpe v. Conole*, 386 F.3d 483, 484 (2d Cir. 2004).

Finally, in connection with a motion to dismiss under Rule 12(b)(6), the Court may only consider "the facts stated in the complaint or documents attached to the complaint as exhibits or incorporated by reference." *Nechis v. Oxford Health Plans*, Inc., 421 F.3d 96, 100 (2d Cir. 2005); *accord Kramer v. Time Warner Inc.*, 937 F.2d 767, 773 (2d Cir. 1991).

### III. DISCUSSION

As stated *supra*, the Court must accept the facts set forth in the amended complaints as true for the purposes of this motion to dismiss. Furthermore, since plaintiff is proceeding *pro se*, the Court must review the amended complaints broadly and interpret them to raise the strongest arguments possible.

Although plaintiff's allegations are far from a model of clarity, the Court understands his claim to be one against Suffolk County on the theory of *respondeat superior* in connection with collection efforts against him by the Suffolk County Child Support Enforcement Bureau. (*See* Amended Complaint, at 1; Second Amended Complaint, at 1.) Plaintiff also appears to claim in a conclusory fashion that the actions of certain individuals caused him unidentified injury in connection with such collection efforts, but only seeks to hold the County liable for damages.[4] However, plaintiff's amended complaints are completely devoid of any factual allegations that set forth a plausible claim in the instant case against the County under *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 691 (1978), or against any individuals (including those within the Suffolk County Child Support Enforcement Bureau), arising from the alleged collection of child support arrears. In the September 17, 2007 Memorandum and Order, dismissing the initial complaint without prejudice to re-pleading, the Court identified, among other things, the following defects in plaintiff's complaint under Rule 8 of the Federal Rules of Civil Procedure: (1) the claim against Suffolk County failed to allege a policy or custom that could form the basis for a *Monell* claim; (2) if plaintiff was attempting to sue individuals, he needed to add them to the caption, and allege that they are state actors with some personal involvement in the conduct at issue.

In the two amended pleadings that plaintiff has filed since receiving that Memorandum and Order, he has completely failed to correct the pleading defects identified by the Court. For example, in his first amended complaint, plaintiff merely states the following:

> By using the legal maneuver of respondiat superiore [sic], I seek to hold Suffolk County liable for the damages caused me by the actions of certain personnel of the above-named. They are 1) Mrs. Ann Cuneo, 2) Mrs. Dorothy Arnhold, 3. S. Rosenfeld, 4. Mrs. J. Weinhaus, 5. Ms. M. Rau."

(Amended Complaint, at 1.) He further lists the grounds for relief as, among other things, "constitutional rights violation" and "libel" (Amended Complaint, at 1.) Plaintiff's second amended complaint is identical to the amended complaint, except that the grounds for relief are

---

[4] The Court previously permitted plaintiff to add any individual defendants to the caption of the amended complaint, but plaintiff did not elect to do so.

3

not listed. (Second Amended Complaint, at 1.) As discussed in detail below, these amended complaints, which failed to correct the defects identified by the Court in dismissing the initial complaint in the September 17, 2007 Memorandum and Order, do not articulate a plausible claim against the County, or any of its employees, with respect to plaintiff's alleged ongoing dispute with the County's Child Support Enforcement Bureau arising from the Bureau's efforts to collect child arrears still owed by plaintiff pursuant to a Family Court judgment. In fact, it is clear from plaintiff's allegations that his claims, which all relate to alleged violations of his rights in connection with the orders of the Family Court and the County's enforcement of those orders, are barred by the *Rooker-Feldman* doctrine.

A. Section 1983

In order to state a claim for relief under Section 1983, a plaintiff must allege: (1) the deprivation of any rights, privileges or immunities secured by the Constitution and federal law, (2) by a person acting under the color of state law. 42 U.S.C. § 1983. Section 1983 does not itself provide substantive rights, but in fact offers "a method for vindicating federal rights elsewhere conferred." *Patterson v. County of Oneida*, 375 F.3d 206, 225 (2d Cir. 2004) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979)); *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993) ("Section 1983 itself creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere.") (citing *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985)).

Under *Monell*, a municipal entity may be held liable under Section 1983 where a plaintiff demonstrates that the constitutional violation complained of was caused by a municipal "policy or custom." 436 U.S. at 694-95; *Patterson*, 375 F.3d at 226 (citing *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 733-36 (1989), and *Monell*, 436 U.S. at 692-94). "The policy or custom need not be memorialized in a specific rule or regulation." *Kern v. City of Rochester*, 93 F.3d 38, 44 (2d Cir. 1996) (citing *Sorlucco v. New York City Police Dep't*, 971 F.2d 864, 870 (2d Cir. 1992)). A policy, custom, or practice of the municipal entity may be inferred where "'the municipality so failed to train its employees as to display a deliberate indifference to the constitutional rights of those within its jurisdiction.'" *Patterson*, 375 F.3d at 226 (quoting *Kern*, 93 F.3d at 44).

However, a municipal entity may only be held liable where the entity itself commits a wrong; "a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell*, 436 U.S. at 691; *see also Segal v. City of New York*, 459 F.3d 207, 219 (2d Cir. 2006) ("*Monell* does not provide a separate cause of action for the failure by the government to train its employees; it extends liability to a municipal organization where that organization's failure to train, or the policies or customs that it has sanctioned, led to an independent constitutional violation."); *Ricciuti v. NYC Transit Auth.*, 941 F.2d 119, 122 (2d Cir. 1991) ("A municipality and its supervisory officials may not be held liable in a § 1983 action for the conduct of a lower-echelon employee solely on the basis of respondeat superior."); *Vippolis v. Haverstraw*, 768 F.2d 40, 44 (2d Cir. 1985) ("A plaintiff who seeks to hold a municipality liable in damages under section 1983 must prove that the municipality was, in the language of the statute, the 'person who . . . subjected, or cause[d] [him] to be subjected,' to the deprivation of his constitutional rights.") (citing 42 U.S.C. § 1983); *Zahra v. Town of*

4

*Southold*, 48 F.3d 674, 685 (2d Cir. 1995) ("A municipality may not be held liable in an action under 42 U.S.C. § 1983 for actions alleged to be unconstitutional by its employees below the policymaking level solely on the basis of *respondeat superior*.").

### B. Analysis

In the instant case, the Court finds that plaintiff's *Monell* claim against the County pursuant to Section 1983 must be dismissed as a matter of law because plaintiff has utterly failed (despite specific guidance from the Court in the September 17, 2007 Memorandum and Order dismissing the original complaint) to identify any policy or custom that is the basis for such a claim in connection with his purported constitutional and other challenges to the County's efforts to collect child support from him. *See, e.g., Walker v. City of New York*, No. 07 Civ. 1543 (JG)(LB), 2007 WL 1340252, at *2 (E.D.N.Y. May 4, 2007) (dismissing the claim against the City of New York where "there are no facts alleged in the complaint to support a claim against the City of New York. Even liberally construing plaintiff's claim, nothing suggests that the alleged constitutional violations were attributable to any municipal policy or custom."); *Tropeano v. City of New York*, No. 06 Civ. 2218 (SLT), 2006 WL 3337514, at *4 (E.D.N.Y. Oct. 31, 2006) ("The municipality cannot be held liable simply on a theory of *respondeat superior* . . . plaintiff cannot prevail where as here she has not identified a policy or custom that caused the denial of a constitutional right. Therefore, the Court dismisses the claims against the City of New York"). Therefore, given plaintiff's failure in his amended pleadings to allege any policy or custom that can form the basis for a plausible *Monell* claim in this context, the lawsuit against the County (through its Child Support Enforcement Bureau) cannot survive a motion to dismiss. This Court's conclusion on that issue is consistent with both reported and unreported cases in which district courts have held, in analogous circumstances, that a *Monell* claim against a county child support enforcement unit, or related entity, must be dismissed where plaintiff has not alleged that any wrongful acts were part of a municipal policy or custom. *See, e.g., Johnson v. New York*, 21 Fed. Appx. 41, 2001 WL 1205363, at *2 (2d Cir. Oct. 10, 2001) (dismissal of *Monell* claim against County's enforcement unit warranted where no allegations that any vendetta by enforcement unit attorney was in accordance with municipal policy or custom); *Avello v. Hammons*, 963 F. Supp. 262, 268 (S.D.N.Y. Apr. 29, 1997) ("Plaintiff . . . fails to allege that Defendants' actions [*i.e.*, alleged misconduct related to child support collection efforts] stemmed from the implementation or enforcement of a New York City policy or custom. While the Complaint alleges that the Human Resources Administration unlawfully garnished Plaintiff's wages, refused to removed [sic] Plaintiff's name from their database, and continually harassed Plaintiff, such isolated acts are not sufficient to support an inference of a municipal policy. Because Plaintiff has failed to establish that he suffered from a constitutional injury as the result of a policy or custom of the Defendant New York City, Plaintiff's *Monell* claim is dismissed for failure to state a claim.") (internal citations omitted).[5]

---

[5] The Court's September 17, 2007 Memorandum and Order also held that, to the extent that plaintiff was attempting to assert a Section 1983 claim against individuals listed in the body of the complaint (but not in the caption), plaintiff needed to add the individuals to the caption and describe their connection to state action and their personal involvement in the alleged conduct. Plaintiff failed

5

However, in addition to the pleading defects identified by the Court in connection with the *Monell* claim (as well as any attempt to assert Section 1983 claims against various individuals), plaintiff's lawsuit suffers from a more fundamental defect that requires dismissal. Specifically, a review of the massive *pro se* submissions to this Court – including handwritten notes, newspaper articles, correspondence, and court documents – reveals that this federal action is barred by the *Rooker-Feldman* doctrine. Although substantial portions of such submissions are handwritten and incomprehensible, the attachments to those submissions indicate that, although the child support order was vacated in Suffolk County Family Court on December 16, 1994, retroactive to September 19, 1992, arrears were still due on the account from the period prior to September 19, 1992, in the amount of $34,025.47. (*See* Letter to Mr. Sorenson, dated April 23, 2004, from New York State Office of Temporary and Disability Insurance, Division of Child Support Enforcement, at 1.) In or about 2001, the Suffolk County Child Support Enforcement Bureau apparently resumed enforcement action to collect the outstanding child support arrears. (*See id.*) Mr. Sorrenson brought a petition in Family Court, Suffolk County seeking to void any outstanding arrears due. By Order of Dismissal, dated January 27, 2003, the Hearing Examiner in Family Count dismissed plaintiff's petition, noting that there was no existing order of support (because it was vacated retroactive to September 19, 1992), but that there continued to be arrears due. The County of Suffolk advised plaintiff as follows: "The arrears in question date prior to the vacature of this order and had been entered in the form of a money judgment. Our records indicate that you had previously filed a petition to have these arrears cancelled and said petitioner had been dismissed by the Family Court. You certainly have the option to refile to challenge this debt, however, until such time as they are adjudicated otherwise by a court of competent jurisdiction, they must remain due and owing." (Letter to Mr. Sorrenson, dated September 7, 2005, from the County of Suffolk.) Therefore, it is clear from the documents submitted by plaintiff, including Family Court documents, that this federal action is an attempt to challenge the Family Court's refusal to cancel or vacate the arrears owed. For example, in one submission to this Court, plaintiff argues the following with respect to the Court documents (and other documents he submitted):

---

to add the individuals to the caption and, thus, does not appear to intend to sue them individually. In any event, even if the Court were to consider the individuals listed in plaintiff's amended complaints as defendants, the Court would have to dismiss such claims for the reasons identified in the prior September 17, 2007 Memorandum and Order. As the Court explained in its previous decision, it is well-settled that "personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *McKinnon v. Patterson*, 568 F.2d 930, 934 (2d Cir. 1977); *see Sealey v. Giltner*, 116 F.3d 47, 51 (2d Cir. 1987). A complaint based on a violation under Section 1983 that does not allege the personal involvement of the defendant is "fatally defective on its face." *Alfaro Motors, Inc. v. Ward*, 814 F.2d 883, 886 (2d Cir. 1987) (internal quotations and citations omitted). Because the plaintiff fails to allege that the individuals named in the body of the complaint are state actors or indicate any personal involvement or specific misconduct by any of them, any attempted claim against these individuals pursuant to Section 1983 is fatally defective and is again dismissed *sua sponte* by the Court. *See Kittay v. Kornstein*, 230 F.3d 531, 541 (2d Cir. 2000); *Simmons v. Cuomo*, 49 F.3d 83, 86 (2d Cir. 1995); *Salhuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).

6

In view of all the contradictios [sic], discrepancies and other inconsistencies in these documents, mostly from Suffolk County, New york, I contend that: the Family court and the Child Support Enforcement Bureau of Suffolk County, New York, shows a clear-cut pattern of knowingly and willfully defrauding the Federal government, the violation(s) of Federal statutes, and to deny the Constitutional, Legal, Civil and Human rights of all divorced fathers who once lived or are currently living in Suffolk County, New York.

Since those rights of such hate groups as the Ku Klux Klan and the American Nazi Party are honored without question, the same rights of divorced fathers should be honored as well, especially since the State of Vermont is now faced with the legal issue of granting a retrial to convicted felons who were denied their Constitutional right to trial by jury, or be forced to set them free.

The denial of a divorced father's right to due process, for a hearing to furnish proof of payment is evident in one publication that states: "if a judge decides that a divorced father is earning more money that what his pay stubs, W-2 forms, etc, indicate, he will be made to pay more money."
Why?

In short, plaintiff's submissions, including the court documents from Family Court, reveal that this action is essentially an attempt to vacate a judgment in Family Court for child support arrears prior to 1992 that are still outstanding, which Suffolk County has sought to enforce. Thus, plaintiff's claims in this case all arise from the purported violation of his constitutional rights based upon Suffolk County's attempt to collect such arrears through, among other things, garnishment. In other words, it is clear, including by virtue of the 2003 Order of the Family Court dismissing plaintiff's petition to have such arrears vacated, that plaintiff has been unsuccessful in obtaining the relief he desires in state court and that this lawsuit is an effort to obtain that same relief. However, any attempt to utilize the federal courts to, in essence, challenge the existing judgment regarding child support arrears, or the County's enforcement of that judgment, is barred by the *Rooker-Feldman* doctrine.[6] *See, e.g., Chestnut v. Gabler*, No. 06 Civ. 34E(F), 2007 WL 529556, at *3 (W.D.N.Y. Feb. 13, 2007) ("Construed liberally, the complaint essentially alleges that plaintiff's constitutional rights were violated during the course of the Family Court proceedings and plaintiff now seeks, in part, to challenge in this Court the orders issued in those proceedings. To the extent plaintiff is asking this Court to review the proceedings

---

[6] In *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), the Supreme Court held that a federal district court does not have the authority to review final judgments of a state court judicial proceeding, except for general constitutional challenges and reviews pursuant to a writ of *habeas corpus*.

before the Allegany County Family Court, said review by this Court is barred by the *Rooker-Feldman* doctrine and the complaint must be dismissed accordingly.") (collecting cases); *Saint-Fleur v. City of New York,* No. 99 Civ. 10433 (WHP) (AJP), 2000 WL 280328, at *6 (S.D.N.Y. Mar. 14, 2000) ("to the extent [plaintiff's] complaint appears to be collaterally attacking the judgment of the Family Court, the action is additionally barred by the *Rooker-Feldman* doctrine, which prohibits federal district courts from reviewing final state court decisions arising out of judicial proceedings absent a federal statute (such as 28 U.S.C. § 2254 governing habeas corpus) authorizing such review") (collecting cases); *George v. Letren*, No. 97 Civ. 5991 (DAB), 1998 WL 684857, at *3 (S.D.N.Y. Sept. 30, 1998) ("To the extent that Plaintiff's claims can be construed as raising constitutional violations, his allegations are directed solely at perceived error by the state courts in reaching their decisions in the underlying paternity and child support actions. Therefore, since Plaintiff's claims are inextricably intertwined with the Family Court's judgment and proceedings, this Court has no subject matter jurisdiction over his claims.") (quotations and citations omitted).

Moreover, to the extent plaintiff could try to contend that his claims are reviewable because they relate to the alleged improper enforcement of the Family Court judgment rather than the judgment itself, the Court concludes that *Rooker-Feldman* also bars such claims because the enforcement is inextricably intertwined with the state court judgment. *See, e.g., Jackson v. Peters*, 81 Fed. Appx. 282, 2003 WL 22664679, at *3 (10th Cir. Nov. 12, 2003) (holding that *Rooker-Feldman* barred claim that funds garnished from federal employer pursuant to state child support order was unconstitutional); *Hill v. State of Wisconsin, Racine County Child Support Agency*, No. 04-C-0865, 2005 WL 1962999, at *2 (E.D. Wis. Aug. 12, 2005) ("Plaintiff also states in his response that he does not take issue with the state court's judgment that he was responsible for child support payments. Rather, he states that he challenges defendants' use of that judgment to seize funds he does not owe, falsifying documents that fabricate his debt, and subjecting him to abuse of process and false imprisonment. However, the state court determined that defendant owed back child support, that he was in default, and that he was in contempt and subject to commitment. Thus, the order allowed defendant to collect from plaintiff, and such efforts to enforce a state court judgment are inextricably intertwined with the judgment . . . . Thus, none of plaintiff's arguments convince me that *Rooker-Feldman* does not apply."); *see also Colbert v. Roling*, 233 Fed. Appx. 587, 2007 WL 1390627, at *2 (8th Cir. May 14, 2007) (dismissing action brought by father against officials of the state's Division of Child Support Enforcement, alleging that they issued an income-withholding order against his wages that garnished more of his earnings than permissible).

C. Leave to Amend

In dismissing the plaintiff's amended complaints, this Court has considered whether to provide plaintiff with yet another opportunity to amend his pleading (even though no such request was made by plaintiff in response to the County's Motion to Dismiss). However, the Court declines to provide plaintiff with any additional opportunities to re-plead for two reasons.

First, plaintiff has been given ample opportunity to allege a claim and has failed to do so. In the September 17, 2007

Memorandum and Order, dismissing the initial complaint, the Court identified various pleading defects. However, in the two amended complaints filed after the Court's decision, plaintiff made no attempt to cure those pleading defects. Under these circumstances, the Court declines to grant plaintiff yet another opportunity. *See De Jesus v. Sears, Roebuck & Co.*, 87 F.3d 65, 72 (2d Cir. 1996) (noting that the Second Circuit has "upheld decisions to dismiss a complaint without leave to replead when a party has been given ample prior opportunity to allege a claim") (citing *Armstrong v. McAlpin*, 699 F.2d 79, 93-94 (2d Cir. 1983) ("Because the complaint whose allegations were being considered by the district court was plaintiffs' second amended complaint, the district court did not abuse its discretion in refusing to give plaintiffs a fourth attempt to plead.")).

Second, "a court may dismiss without leave to amend when . . . the substance of the claim pleaded is frivolous on its face.'" *Bloom*, 2003 U.S. Dist. LEXIS 18087, at *23 (internal citation and quotation omitted). "A claim is frivolous when it is vague and incomprehensible, or when it is supported by baseless factual allegations describing fantastic or delusional scenarios." *Id.* (internal citations and quotation omitted). The vague and conclusory nature of the amended complaints – which failed to cure the conclusory, disjointed allegations in the initial complaint – further supports this Court's denial of plaintiff's request for leave to re-plead under this standard. Moreover, as noted above, because it appears that plaintiff is simply trying to challenge in federal court collection efforts by the County related to child support determinations made in Family Court (after he unsuccessfully challenged such collection efforts in, among other things, a 2003 petition in Family Court), the *Rooker-Feldman* doctrine would preclude this lawsuit even if plaintiff attempted to correct the other pleading defects related to his claims. Thus, under such circumstances, leave to re-plead would be futile.

IV. CONCLUSION

For the foregoing reasons, plaintiff's amended complaints are dismissed with prejudice. The Clerk of the Court shall enter judgment accordingly and close this case. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and, thus, *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated: March 5, 2009
Central Islip, New York

\* \* \*

Plaintiff is proceeding *pro se*. The attorney for defendant is Brian Mitchell, Assistant County Attorney, Office of the Suffolk County Attorney, Veterans Memorial Highway, P.O. Box 6100, Hauppauge, New York 11788.